# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN WILLIS | ) | |
| | ) | |
| v. | ) | 3-08-MC-2-B |
| | ) | |
| DWIGHT R. COOK, STATE BAR OF | ) | |
| TEXAS, and THOMAS A. WILDER, | ) | |
| District Clerk | ) | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference filed on January 7, 2008, came on to be considered the petition for an order pursuant to Rule 27, Federal Rules of Civil Procedure, to perpetuate testimony filed by Kelvin Willis, *pro se*, and the magistrate judge finds and recommends as follows:

Kelvin Lee Willis, hereinafter referred to as Petitioner, is an inmate at the Pack I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Navasota, Texas. In his petition he states that he is the owner of a judgment obtained against Dwight R. Cook in a Texas state court of Tarrant County, It further appears that he has been unsuccessful in attempting to recover any portion of the judgment and that the State Bar of Texas is thwarting his efforts to obtain information with respect to the judgment debtor's whereabouts and/or assets. He further claims that employees of the Tarrant County District Clerk, Thomas A. Wilder, have refused to process two post-judgment actions.

Rule 27 authorizes a prospective party in an anticipated federal court case to take depositions prior to the filing of the federal action. Rule 27(a)(1) expressly identifies five elements which must be set out in a petition and established before such pre-suit discovery will be permitted. Notwithstanding the liberal construction to be given to prisoner pleadings, it is apparent that these

criteria have not been satisfied. Petitioner has not shown that he is presently unable to proceed with the filing of a lawsuit or that he has any cognizable federal claim against either the State Bar of Texas or Thomas A. Wilder. Although Petitioner's incarceration would otherwise render it physically impossible for him to depose a Rule 30(b)(6) representative of the State Bar and an unidentified employee of the district clerk's staff, he has made no showing as to why he is presently unable to file a federal action. Moreover, he has not identified any basis for the exercise of federal jurisdiction. Additionally he has not complied with Rule 27(a)(2) as it relates to these entities, identified by Petitioner as potential adverse parties to his contemplated federal action.

**RECOMMENDATION**:

It is, therefore, recommended that Kelvin Willis's petition for an order allowing depositions to be taken pursuant to Rule 27 be denied.

SIGNED this 7th day of January, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN WILLIS | ) | |
| | ) | |
| v. | ) | 3-08-MC-2-B |
| | ) | |
| DWIGHT R. COOK, STATE BAR OF | ) | |
| TEXAS, and THOMAS A. WILDER, | ) | |
| District Clerk | ) | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the District Court's order of reference filed on January 7, 2008, came on to be considered the petition for an order pursuant to Rule 27, Federal Rules of Civil Procedure, to perpetuate testimony filed by Kelvin Willis, *pro se*, and the magistrate judge finds and recommends as follows:

Kelvin Lee Willis, hereinafter referred to as Petitioner, is an inmate at the Pack I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division at Navasota, Texas. In his petition he states that he is the owner of a judgment obtained against Dwight R. Cook in a Texas state court of Tarrant County, It further appears that he has been unsuccessful in attempting to recover any portion of the judgment and that the State Bar of Texas is thwarting his efforts to obtain information with respect to the judgment debtor's whereabouts and/or assets. He further claims that employees of the Tarrant County District Clerk, Thomas A. Wilder, have refused to process two post-judgment actions.

Rule 27 authorizes a prospective party in an anticipated federal court case to take depositions prior to the filing of the federal action. Rule 27(a)(1) expressly identifies five elements which must be set out in a petition and established before such pre-suit discovery will be permitted. Notwithstanding the liberal construction to be given to prisoner pleadings, it is apparent that these

criteria have not been satisfied. Petitioner has not shown that he is presently unable to proceed with the filing of a lawsuit or that he has any cognizable federal claim against either the State Bar of Texas or Thomas A. Wilder. Although Petitioner's incarceration would otherwise render it physically impossible for him to depose a Rule 30(b)(6) representative of the State Bar and an unidentified employee of the district clerk's staff, he has made no showing as to why he is presently unable to file a federal action. Moreover, he has not identified any basis for the exercise of federal jurisdiction. Additionally he has not complied with Rule 27(a)(2) as it relates to these entities, identified by Petitioner as potential adverse parties to his contemplated federal action.

**RECOMMENDATION**:

It is, therefore, recommended that Kelvin Willis's petition for an order allowing depositions to be taken pursuant to Rule 27 be denied.

SIGNED this 7th day of January, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.