UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN WILLIS, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 3:08-MC-0002-B |
| | § | ECF |
| DWIGHT R. COOK, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

# ORDER

On January 7, 2008, United States Magistrate Judge Wm. F. Sanderson, Jr. filed Report and Recommendation of the United States Magistrate Judge (doc. 5) recommending that this Court deny Kelvin Willis' ("Willis") Petition for an order allowing depositions to be taken pursuant to Rule 27. Magistrate Judge Sanderson reasoned that Willis had failed to satisfy the criteria of Federal Rule of Civil Procedure 27(a)(1) and had not complied with Federal Rule of Civil Procedure Rule 27(a)(2). On January 18, 2008, Willis filed Petitioner's Objections to Magistrate Report and Recommendation (doc. 6) and First Amended Petition to Perpetuate Testimony (doc. 7).[1] For the reasons that follow, the Court (1) **OVERRULES** Willis' Objection to the Magistrate Judge's Report and Recommendation (doc. 6); (2) **DENIES** Petition to Perpetuate Testimony (doc. 1) and First Amended Petition to Perpetuate Testimony (doc. 7); and (3) **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. 5) to the extent its denial of Willis' Petition is based on Willis' failure to show that he is presently unable to file a federal action.

---

[1]The Court notes that Willis did not file a motion for leave to file an amended petition.

Having considered Willis' Objections and Amended Petition, the Court finds that Willis has not satisfied the requirement of Rule 27(a)(1) that he be "presently unable to bring [an action] or cause it to be brought." Willis states that he is presently unable to bring his action because "he does not know the names of the persons committing the acts, and does not have enough sufficient facts to properly satisfy heighten pleading requirements according to law." (Am. Pet. 1).

Federal Rule of Civil Procedure 27 is a mechanism for perpetuating testimony and is intended to apply when "for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 8 FEDERAL PRACTICE AND PROCEDURE § 2071 (quoting *In re Ferkauf*, 3 F.R.D. 89, 91 (D.C.N.Y. 1943)). "It is not a method of discovery to determine whether a cause of action exists; and, if so, *against whom the action should be instituted.*" *In re Gurnsey*, 223 F. Supp. 359, 360 (D..D.C. 1963)(emphasis added). Furthermore, Rule 27 cannot be used "for the purpose of ascertaining facts to be used in drafting a complaint." *In re State of North Carolina*, 68 F.R.D. 410, 412 (S.D.N.Y. 1975). Willis' admitted purpose is to determine the names of the individuals against whom his action should be brought and to draft his complaint to satisfy pleading requirements. He wishes to use Rule 27 as a discovery device rather than to perpetuate testimony. *See Moss v. Remick*, 1986 WL 10286, at *1 (S.D.N.Y. 1986). Therefore, he has not met the Rule 27 requirement that he presently be unable to bring the action.

Accordingly, Willis' Objection to the Magistrate Judge's Report and Recommendation (doc. 6) is **OVERRULED** and his Petition to Perpetuate Testimony (doc. 1) and his First Amended Petition to Perpetuate Testimony (doc. 7) are **DENIED.** The Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (doc. 5) as to its denial of Willis' Petition

based on Willis' failure to show that he is presently unable to file a federal action. Because this reason alone is sufficient grounds for denying Willis' Petition, the Court finds it unnecessary to reach the Magistrate Judge's other basis for denying Willis' Petition.

SO ORDERED.

SIGNED March 5, 2008

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**